```
                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF VERMONT


ANDREW N. PRICE, Individually    :
and Assignee of Champlain        :
Enterprises, Inc., JOHN A.       :
SULLIVAN, JR., E. JAMES          :
DROLLETTE, and ANTONY VON ELBE,  :
     Plaintiffs,                 :
                                 :
          v.                     :   File No. 1:03-CV-292
                                 :
MARSH USA, INC., s/h/a J&H       :
MARSH & MCLENNAN, INC.,          :
     Defendant and               :
     Third-Party Plaintiff,      :
                                 :
          v.                     :
                                 :
CHUBB CUSTOM INSURANCE COMPANY,  :
     Third-Party Defendant.      :
_____ :
```

### RULING ON MARSH USA, INC.'S MOTION TO COMPEL
                     (Paper 123)

One of the primary issues in this case is the validity of Champlain Enterprises, Inc.'s ("Champlain's") assignment of its rights against Marsh USA, Inc. ("Marsh") to Plaintiff Andrew N. Price ("Price") (who was and is the president of Champlain). Because this purported assignment forms the basis of Price's ability to maintain the bulk of this action, Marsh seeks an order compelling Plaintiffs to produce documents relevant to the assignment that have been withheld on the basis of work product and attorney-client privilege - specifically, communications between Plaintiffs' attorney, Douglas C. Pierson, Esq., and the

1

attorney for Champlain, William L. Owens, Esq., about the assignment.

Plaintiffs primarily respond that the communications are protected because they are "between counsel sharing common litigation interests." (Paper 131 at 4). The "common interest" doctrine on which Plaintiffs appear to rely, however, is not an independent privilege; it is an exception to waiver of the attorney-client or work product privileges. See In re Rivastigmine Patent Litig., 2005 WL 2319005, at *2 (S.D.N.Y. 2005). Thus, as an initial matter, it is Plaintiffs' burden to establish that the documents at issue are indeed privileged; a burden that Plaintiffs have not even attempted to touch on in their response to Defendant's motion to compel.

Accordingly, because the Court is unable to make a fully informed decision based upon the scant notations of the privilege log, (Paper 124-2), Plaintiffs are hereby ordered to submit the documents at issue to the Court for an in camera review on or before December 29, 2006.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of December, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge